UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

STACEY SYLVESTER,

    Plaintiff,                                                    CASE NO.:

v.

BRICO, LLC, a Florida Limited Liability
Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, STACEY SYLVESTER ("Ms. Sylvester" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, BRICO, LLC, a Florida Limited Liability Company ("BRICO" of "Defendant"), and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 *et seq.*, hereinafter called the "FLSA"), and the Family Medical Leave Act ("FMLA") to recover unpaid overtime wages, compensatory damages, lost wages, an additional equal amount as liquidated damages, and to obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b) and 29 U.S.C. § 2601, *et seq.*

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the FMLA, and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES AND COVERAGE

4. At all times material hereto, Plaintiff was, and continues to be, a resident of Palm Beach County, Florida.

5. At all times material hereto, Plaintiff worked for Defendant in Palm Beach County, Florida.

6. Defendant is an employer as defined by the FLSA and the FMLA, in that Defendant, during all times relevant and in each year during the relevant statute of limitations, grossed in excess of $500,000.00 per year in revenue, had fifty (50) or more employees within a seventy-five (75) mile radius of where Plaintiff worked, and had employees regularly engaged in interstate and intrastate commerce.

7. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

8. At all times material hereto, Defendant was engaged in commerce, or the production of goods for commerce and/or Plaintiff was individually engaged in commerce for FLSA coverage purposes.

## STATEMENT OF FACTS

9. Ms. Sylvester worked for Defendant as a non-exempt and hourly paid Title Processor from February 2014, through September 26, 2019.

10. During her tenure, Ms. Sylvester was considered an exceptional employee, and

had no significant history of performance, attendance, or disciplinary problems.

11. In late June 2019, Plaintiff notified Defendant that due to her high-risk pregnancy, Plaintiff's doctor was placing her on bed rest for the duration of her pregnancy through September.

12. Plaintiff provided Defendant with medical documentation corroborating same.

13. Defendant advised Plaintiff that she was being placed on FMLA leave, but failed to provide Plaintiff with any FMLA notice, documentation, or certification forms so that Plaintiff was aware of her entitlement to FMLA leave, and any requirements/restrictions impacting her ability to return to work and timing of her return to work.

14. Plaintiff relied, to her detriment, on Defendant's representations that she was FMLA protected during her time away from work, and commenced her leave without any concern, that if she took time away from work, that her employment would be terminated.

15. Had Defendant properly notified Plaintiff of her FMLA rights and provided her with the appropriate certifications and documentation regarding same, and advised her of the requirement that she had to return back to work within twelve (12) weeks of the commencement of her absence, Plaintiff would have been able to return to work before the expiration of twelve (12) weeks of leave, and resume her employment with Defendant.

16. Plaintiff was on what she believed to be protected FMLA leave from late June 2019, through the end of September 2019.

17. On or around September 28, 2019, received a letter from Defendant terminating her employment, claiming that her FMLA eligibility expired on September 26, 2019.

18. Had Plaintiff know that her FMLA expired on September 26, 2019, and been

3

apprised of her FMLA rights as required by the FMLA, she would have returned to work earlier to preserve her employment.

19. Based on the foregoing, Plaintiff was not returned to the same, or substantially equivalent position upon the expiration of her FMLA leave.

20. Plaintiff's absences stemming from her pregnancy and resulting FMLA leave, should have been protected under the FMLA, but instead were used to retaliate against her in terminating her employment.

21. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

22. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against, Plaintiff for her use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

23. The timing of Plaintiff's use of her protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected FMLA leave, and the illegal actions taken against her by Defendant.

24. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of FMLA protected leave.

25. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

26. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

27. As to Ms. Sylvester's FLSA claims for overtime compensation, during her employment, Plaintiff regularly worked more than forty (40) hours per week.

28. Defendant, in lieu of paying Plaintiff time and one-half compensation for all overtime hours worked, paid Plaintiff straight time compensation at her regular hourly rate of pay.

29. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

30. Defendant violated Title 29 U.S.C. §207 in that: (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant; and (b) no payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week, as provided by the FLSA.

31. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

32. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

33. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

34. Based on the allegations in Paragraphs 31-33 above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay

practices were in compliance with the FLSA.

35. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I-
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8-9, and 27-35 of the Complaint, above.

37. Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

38. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

39. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

40. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

41. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

42. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a.    Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week, as well as lost/back wages since the date of her termination;

    b.    Awarding Plaintiff liquidated damages in an amount equal to the overtime and back wages award;

    c.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d.    Awarding Plaintiff pre-judgment interest;

    e.    Awarding any and all relief that this Court deems proper under the FLSA.

## COUNT II
## FMLA INTERFERENCE

43.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-7, 9-26, and 35, above.

44.    At all times relevant hereto, Plaintiff was protected by the FMLA.

45.    At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

46.    At all times relevant hereto, Defendant interfered with Plaintiff by failing to properly notify Plaintiff of her FMLA rights.

47.    As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred

reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III- FMLA RETALIATION

49. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-7, 9-26, and 35, above.

50. At all times relevant hereto, Plaintiff was protected by the FMLA.

51. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

52. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of what should have been FMLA protected leave.

53. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to take approved leave pursuant to the FMLA.

54. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

55. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: October 18, 2019

**By: Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*